United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Robert Lawrence Cleaver, Plaintiff  ) | |
| ) | |
| v.   ) | |
| ) | Civil Action No. 14-60665-Civ-Scola |
| City of Coral Springs, Eric Walsh,   ) | |
| Franklin Marinez, Brian Gasper,   ) | |
| and Michael Savatsa, Defendants   ) | |

## Order Denying Defendants' Motion To Dismiss

This civil-rights lawsuit presents claims of false arrest and malicious prosecution. According to the Plaintiff, Robert Cleaver, police officers from the Coral Springs Police Department responded to a call from Tracy Neale. Neale claimed that Cleaver had violated a domestic-violence injunction by coming to her place of employment, Bru's Room in Coral Springs, Florida. The responding Officers found Cleaver shopping at a Sam's Club that was in the same shopping plaza as Bru's Room. They informed Cleaver that he had violated the domestic-violence injunction by approaching Bru's Room, Neale's place of employment. But before arresting Cleaver, the Officers contacted Neale and at that time she admitted that she did not actually work at Bru's Room. Despite this new information, the Officers arrested Cleaver anyway.

Of course, this is just Cleaver's side of this story. But when "evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998). Officers Eric Walsh, Franklin Marinez, Brian Gaspar, and Michael Savasta have all moved jointly to dismiss the claims against them. For the reasons explained below, the motion to dismiss is denied.

**1. Counts 1 and 3 for false arrest and malicious prosecution**

The Officers urge the Court to dismiss Cleaver's false arrest and malicious prosecution claims because, they claim, there was probable cause to arrest Cleaver. (Mot. Dismiss 2–3, ECF No. 9.) It is true that the existence of probable cause to make an arrest would defeat both of these claims. *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998) (explaining that probable cause is a complete bar to an action for false arrest); *Tatum Bros. Real Estate & Inv. Co. v. Watson*, 109 So. 623, 626 (1926) (noting that a malicious prosecution claim depends on there being no probable cause to initiate the prosecution). But

accepting the well-plead facts in Cleaver's complaint—as this Court must—there was no probable cause for the Officers to arrest him.

The Officers set up their argument as follows: (1) Neale called the police and reported that Cleaver violated a domestic-violence injunction by coming to her place of employment, namely Bru's Room; (2) the Officers observed Cleaver in the area near Bru's Room; (3) the Officers had probable cause to believe that Cleaver violated the domestic-violence injunction by going to Neale's place of employment. (Mot. Dismiss 2–3, ECF No. 9.) But the Officers completely ignore Cleaver's allegation that before arresting him they learned from Tracy Neale that she didn't really work at Bru's room. (Compl. ¶39, ECF No. 1.) Law enforcement officers may not ignore crucial facts that would negate the existence of probable cause. *See Kingsland v. City of Miami*, 382 F.3d 1220, 1229 (11th Cir. 2004) ("[A]n officer may not choose to ignore information that has been offered to him or her."); *City of St. Petersburg v. Austrino*, 898 So. 2d 955, 965 (Fla. 2d DCA 2005) (quoting the Fourth Circuit with approval, that "an officer may not disregard readily available exculpatory evidence of which he is aware").

The Court declines the Officers' invitation to consider the arrest affidavit at this motion-to-dismiss stage of the case. Cleaver does not refer to the arrest affidavit in his complaint, nor is it central to his claims. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal."). Considering Cleaver's factual allegations as true, and drawing reasonable inferences in his favor, the Officers lacked probable cause to arrest Cleaver for violating the domestic-violence injunction.

**2. Count 2 for violating 42 U.S.C. § 1983 (false arrest)**

The Officers assert they are entitled to qualified immunity regarding Cleaver's Section 1983 claim for false arrest because "the Complaint fails to allege any facts establishing the absence of [probable cause or] arguable probable cause. (Mot. Dismiss 5, ECF No. 9.) Cleaver responds that, based on his allegations in the complaint, the Officers lacked probable cause, or even arguable probable cause.

To claim qualified immunity a public official must first establish that she was engaged in a "discretionary duty." *Mercado v. City of Orlando*, 407 F.3d 1152, 1156 (11th Cir. 2005). If the public official establishes she was acting in a discretionary capacity, the burden shifts to the plaintiff "to show that qualified immunity is not appropriate by satisfying a two-part inquiry": (1) that

the official "violated a constitutional right"; and (2) that the "right was clearly established at the time of the incident." *Id.* The law requires that the right is "clearly established" to ensure that the public official is on notice that her conduct is unlawful before she is subjected to a suit. *Lewis v. City of W. Palm Beach, Fla.*, 561 F.3d 1288, 1291 (11th Cir. 2009). When a defendant moves for qualified immunity through a motion to dismiss, a court must accept "the factual allegations in the complaint as true and [draw] all reasonable inferences in the plaintiff's favor." *Gonzalez v. Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003).

The Officers are not entitled to qualified immunity at this time. At this stage of the case, the analysis is relatively simple and straightforward. Cleaver has alleged that the Officers violated a constitutional right by asserting (in paragraph 59 of the complaint) that they arrested him without a warrant or probable cause. *Kingsland*, 382 F.3d at 1232 ("A warrantless arrest without probable cause violates the Constitution and provides a basis for a section 1983 claim."). "The law is 'clearly established' that an arrest without a warrant or probable cause to believe a crime has been committed violates the fourth amendment, and a reasonable police officer would not have believed, *on the [Plaintiff's] version of the facts,* that the arrest in this case was lawful." *Herren v. Bowyer*, 850 F.2d 1543, 1547 (11th Cir. 1988).

The Officers' arguable-probable-cause argument also fails. Arguable probable cause may exist where a public official makes a "good faith," "reasonable mistake" in the legitimate performance of his or her duties. *Kingsland,* 382 F.3d at 1233; *Post v. City of Ft. Laud.*, 7 F.3d 1552, 1558 (11th Cir. 1993) (finding arguable probable cause where a police officer's decision to arrest a restaurant owner for violating building-code regulations was based on the officer's miscount of the number of customers in the restaurant). But a public official who "recklessly or deliberately" violates the law is not entitled to immunity under the arguable-probable-cause doctrine. *Kingsland*, 382 F.3d at 1233–34 ("The principles behind qualified immunity would be rendered meaningless if such immunity could be invoked to shelter officers who, because of their own interests, allegedly flout the law, abuse their authority, and deliberately imperil those they are employed to serve and protect."). Accepting Cleaver's allegations as true, the Officers did not make a good faith, reasonable mistake about the existence of probable cause in this case. Instead, they ignored clear, unequivocal information that negated the existence of probable cause. (Compl. ¶39.)

### 3. Count 5 for violating 42 U.S.C. § 1983 (malicious prosecution)

The Officers assert that Cleaver's federal malicious-prosecution claim must be dismissed because probable cause existed to commence the judicial proceeding against him. As explained above, accepting Cleaver's allegations as true, the Officers did not have probable cause to commence the judicial proceedings against him.

The Officers also argue that the malicious-prosecution claim fails because "the Complaint . . . lacks any indicia of a post-arraignment deprivation of liberty." (Mot. Dismiss 7, ECF No. 9.) It is true that in a federal malicious-prosecution case, a plaintiff must allege and prove some post-arrest deprivation of liberty. *Kingsland*, 382 F.3d at 1235 ("[T]he plaintiff's arrest cannot serve as the predicate deprivation of liberty because it occurred prior to the time of arraignment, and was not one that arose from malicious prosecution as opposed to false arrest.") (internal quotation marks omitted). But Cleaver has alleged that he endured more than just the normal conditions of pretrial release. Specifically, he's alleged that he "was required to wear a monitoring device on his ankle and was restricted to his home except for work and court requirements." (Compl. ¶51, ECF No. 1.)

The Officers' argument on this point is baseless. The Officers cite to *Kingsland*, a case that plainly reads that a prohibition on interstate travel is a sufficient restraint upon a person's liberty to support a federal malicious-prosecution claim. If a restriction on interstate travel is adequate, then certainly a house-arrest condition with an ankle monitor and limited exception for only work and court is more than sufficient. But the Officers' argument completely ignores Cleaver's ankle-monitor and home-restriction allegations. The Court reminds counsel for the Officers that Federal Rule of Civil Procedure 11(b)(2) requires an attorney to support his or her defenses and legal contentions on "existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law." In other words, it is not appropriate to assert that a plaintiff has not adequately plead a post-arrest depravation of liberty when he clearly has. In their motion to dismiss, the Officers assert that Cleaver "has alleged **no** facts that suggest he was subjected to a significant ongoing deprivation of liberty, much less that he experienced anything beyond a pre-arraignment illegal seizure." (Mot. Dismiss 8, ECF No. 9.) That statement is wholly untrue. Cleaver has most certainly alleged a significant ongoing deprivation of liberty. (Compl. ¶51.) It is baseless arguments like this that clog courts dockets and delay the administration of justice.

### 4. Conclusion

After considering the Motion, the record, and the relevant legal authorities, the Court **denies** the Officers' Motion to Dismiss (ECF No. 9). Relatedly, the Court **denies** Cleaver's motion for leave to file a sur-reply (ECF No. 21). The Officers' answer to the complaint is due by December 5, 2014.

**Done and ordered** in chambers at Miami, Florida on November 21, 2014.

Robert N. Scola, Jr.
United States District Judge